**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DANIEL ANTHONY GARZA,** ) | |
| **2012-1117028**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 C 4252 |
| ) | |
| **COOK COUNTY DEPARTMENT OF** ) | |
| **CORRECTIONAL JAIL**, ) | |
| ) | |
| Defendant. ) | |

<u>**MEMORANDUM ORDER**</u>

Daniel Garza ("Garza") has utilized the printed form of 42 U.S.C. § 1983 ("Section

1983") Complaint, made available for prisoners' use by the Clerk's Office, to sue

Cook County Department of Correctional Jail[1] because of assertedly intolerable living conditions

in the Division 6 segregation cells at the Cook County Department of Corrections ("County

Jail"), where Hernandez is in custody. This sua sponte memorandum order is issued because

Hernandez has failed to establish his entitlement to enter the federal courthouse door.

Before that jurisdictional issue is addressed, however, this Court notes that Garza has

complied with the requirements of 28 U.S.C. § 1915 ("Section 1915"), for his accompanying In

Forma Pauperis Application has included the necessary printout of transactions in his trust fund

account at the County Jail for the six months preceding the filing of the lawsuit (see Section

1915(a)(2)). If Hernandez were able to overcome the hurdle described next in the text, this Court

would anticipate making the calculations called for by Section 1915.

---

[1] That named defendant is not a sueable legal entity (a mistake for which this Court does not of course fault nonlawyer Garza). If Garza cures the jurisdictional problem referred to later in the text, this Court's ensuing order will address that issue appropriately.

But this memorandum order has referred to a critical -- because jurisdictional -- problem, and that relates to the precondition that Congress has attached to such Section 1983 lawsuits: the need to have exhausted all available administrative remedies before coming to the courts (42 U.S.C. § 1997e(a)). Because Garza has not even hinted at compliance with that requirement, there appears to be no need for a <u>Pavey</u> hearing unless Garza supplements his Complaint with a showing in that respect by a filing received in the Clerk's Office on or before June 25, 2014. If he fails to provide a timely and satisfactory filing in that respect, this Court will be constrained to dismiss this action for lack of subject matter jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 11, 2014