IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL ANTHONY GARZA, ) | |
| 2012-1117028, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 C 4252 |
| ) | |
| COOK COUNTY DEPARTMENT OF ) | |
| CORRECTIONAL JAIL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On June 4, 2014[1] pro se plaintiff Daniel Garza ("Garza") utilized the printed form of 42 U.S.C. § 1983 ("Section 1983") Complaint, made available for prisoners' use by the Clerk's Office, to sue "Cook County Department of Correctional Jail"[2] because of assertedly intolerable living conditions in the Division 6 segregation cells at the Cook County Department of Corrections ("County Jail"), where Garza was then in custody. This Court promptly issued the June 11 Order sua sponte to address some threshold issues.

Unfortunately Garza had already been transferred out of the County Jail on June 9, was then processed and classified at Stateville Correctional Center and was then transferred to

---

[1] This Court has selected that as the best candidate for the "filing" date under the Houston v. Lack, 487 U.S. 266 (1988) "mailbox rule." Although the printed form Complaint itself bore a January 3, 2014 signature date, both it and its associated documents were not received in the Clerk's Office until June 6. And despite the January signature date on the printed form, the last notation on the narrative portion of the Complaint is a handwritten "6.4.14 at 8:47 am," and the certificate by the trust fund officer at the County Jail bears a June 3 date.

[2] That named defendant is not a suable legal entity (a mistake for which this Court does not of course fault nonlawyer Garza). As this Court's initial June 11, 2014 memorandum order ("Order") stated, that issue can be addressed appropriately when the case is farther along.
.

Lawrence Correctional Center ("Lawrence") about June 24. Consequently the Order caught up with him only after the June 25 date that this Court had set as the time by which Garza should supply input as to his having exhausted all available administrative remedies before turning to the federal courts (see 42 U.S.C. § 1997e(a)). It was not until August 19 that the Clerk's Office received Garza's communication telling about those delays and enclosing some inmate grievance forms that he had filed with the Cook County Sheriff's Office while he was housed at the County Jail.

But before this opinion turns to the substantive significance of that recently received material, it will return to the earlier-deferred determination called for by Garza's In Forma Pauperis Application ("Application") and 28 U.S.C. § 1915 ("Section 1915"). What the certified trust fund account statement attached to the Application reflects is that the average monthly deposits to Garza's account at the County Jail for the six-month period immediately preceding his filing of the Complaint (see Section 1915(a)(2)) came to $188.33, 20% of which (see Section 1915(b)(1)) is $37.67. Accordingly Garza is assessed that initial partial filing fee of $37.67 plus 20% of the amounts credited to his trust fund account from June 1, 2014 through August 31, 2014 (see Section 1915(b)(2)), and the Lawrence trust fund officer is ordered to collect that total amount from Garza's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

        Office of the Clerk
        United States District Court
        219 South Dearborn Street
        Chicago IL 60604

        Attention: Fiscal Department

After such payment the trust fund officer at Lawrence (or at any other correctional facility where Garza may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Garza's name and the 14 C 4252 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Lawrence trust fund officer.

To return now to Garza's substantive claim regarding the assertedly intolerable living conditions to which he was subjected at the County Jail between at least December 24, 2013 and January 7, 2014 (the timeframe covered in his Complaint ¶ IV Statement of Claim),[3] his newly submitted Inmate Grievance Forms were dated January 7 and January 9, 2014, although as stated earlier he did not file suit until nearly five months later. What does not appear from those forms, and what this Court cannot determine from the papers because of its unfamiliarity with what constitutes the exhaustion of administrative remedies under the County Jail's procedures, is whether that does the job for purposes of 42 U.S.C. § 1997e(a). In that regard, although the photocopy exhibits attached to Garza's Complaint are difficult to read because of their quality (or lack of it), each contains a specific space for its ultimate reference to a superintendent but appears to lack a superintendent's signoff.

Accordingly a copy of this memorandum order is being transmitted to the Cook County State's Attorney's Office with a request that someone be assigned to this case to investigate and

---

[3] As is required in the evaluation of a complaint, this Court credits Garza's allegations for present purposes.

report on the exhaustion-of-administrative-remedies issue. Because three weeks ought to be more than ample for that purpose, this action is set for a status hearing at 8:45 a.m. September 18, 2014, and arrangements should be made by members of the State's Attorney's Office to communicate with their counterparts in the Attorney General's Office to provide for Garza's telephonic participation in that status hearing from his present location in the Lawrence Correctional Center.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 26, 2014